**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE AND JOHN DOE, as Guardians and | ) | |
| Parents and Next Friends of JAMES DOE, | ) | |
| A Disabled Person, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| THE BOARD OF EDUCATION OF THE CITY | ) | *Plaintiffs demand trial by jury* |
| OF CHICAGO d/b/a CITY OF CHICAGO | ) | |
| SCHOOL DISTRICT 299 d/b/a CHICAGO | ) | |
| PUBLIC SCHOOLS, AND HILARIO VELARDE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiffs, JANE DOE AND JOHN DOE, as Guardians and Parents and Next Friends of

JAMES DOE, A Disabled Person, by and through their attorneys, CLIFFORD LAW OFFICES,

P.C., complaining of the Defendants, THE BOARD OF EDUCATION OF THE CITY OF

CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC

SCHOOLS, and HILARIO VELARDE, state as follows:

## INTRODUCTION

1.      Plaintiffs bring this matter to redress the sexual abuse and discrimination occurring

by Defendants the Board of Education of the City of Chicago d/b/a City of Chicago School District

299 d/b/a Chicago Public Schools and Hilario Velarde (collectively referred herein as

"Defendants"). Plaintiffs bring this matter seeking damages for the various violations of the laws

of the United States and State of Illinois arising from Defendants' acts and omissions resulting in

harm to James Doe.

1

## JURISDICTION AND VENUE

2.      This case is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, to redress the sex discrimination against Plaintiff (Count I); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count II); Title II of the ADA, 42 U.S.C. § 12132 (Count III); 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution (Counts IV-VI), and various state law claims (Counts VII-X).

3.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4.      On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

## PARTIES

5.      Jane Doe is the mother and court-appointed guardian of James Doe. She is and was a citizen of the United States and citizen of the State of Illinois.

6.      John Doe is the father and court-appointed guardian of James Doe. He is and was a citizen of the United States and citizen of the State of Illinois.

7.      James Doe is an adult and adjudicated disabled person. He is and was a citizen of the United States and citizen of the State of Illinois.

8.      Defendant the Board of Education of the City of Chicago d/b/a City of Chicago School District 299 d/b/a Chicago Public Schools (hereinafter "Board") is a body politic and corporate under the laws of the State of Illinois. Defendant the Board maintains offices at 42 W. Madison Street, Chicago, Illinois.

2

9.      Defendant the Board is and was responsible for the governance, organizational, and financial oversight of the staff and administration of Chicago Public Schools ("CPS"), the third largest school district in the United States of America. Defendant the Board, acting through its agents, servants, and/or employees, is engaged in, among other things, the provision of education, care, and development services. Defendant the Board is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

10.     Defendant Hilario Velarde is and/or was an employee of the Board. At all times relevant herein, Defendant Velarde worked as a Special Education Classroom Assistant ("SECA") at Ray Graham Training Center High School located at 2347 South Wabash Avenue, City of Chicago, County of Cook, State of Illinois.

11.     At the time of the incident in this complaint, Defendant Velarde was engaged in the complained of conduct while acting within the scope of his employment and under color of state law. Defendant Velarde is sued in his individual capacity and as agent and/or employee of Defendant the Board.

## FACTS COMMON TO ALL COUNTS

12.     At all relevant times herein, Ray Graham Training Center High School provided individualized instructional programing for students with specialized educational, physical, and emotional needs. Ray Graham Training Center High School served students with a wide range of special abilities and individual needs to prepare each young adult as a life-long learner.

13.     At all relevant times herein, James Doe attended Ray Graham Training Center High School in order to receive specialized education for his disabilities, including cerebral palsy.

14.     At all relevant times herein, Defendant the Board owned, operated, managed, maintained, and controlled Ray Graham Training Center High School and the employees and/or agents therein.

15.     At all relevant times herein, James Doe had an individualized educational plan ("IEP"), which addressed James Doe's various intellectual and physical disabilities.

16.     At all relevant times herein, James Doe required physical assistance to perform many acts of daily living, including using the bathroom, because of his disabilities.

17.     At all relevant times herein, Defendant Velarde was employed by the Board.

18.     At all relevant times herein, Defendant Velarde worked at Ray Graham Training Center High School in the capacity of Special Education Classroom Assistant ("SECA") where he was required to provide James Doe with physical assistance as needed.

19.     On March 19, 2018, between 11:00 a.m. and 11:30 a.m., Defendant Velarde gave James Doe a shower along with another unnamed SECA working at Ray Graham Training Center High School.

20.     During this shower, Defendant Velarde touched James Doe's penis multiple times. The unnamed SECA observed Defendant Velarde's actions and failed to intervene to stop Defendant Velarde from this improper touching.

21.     Following this encounter, this unnamed SECA failed to report this conduct to the Department of Children and Family Services ("DCFS").

22.     Over two months after this incident, on May 22, 2018, the Ray Graham Training Center High School administration notified the Chicago Police Department regarding allegations of sexual abuse to James Doe.

4

23.     During this police investigation, the unnamed SECA indicated that he observed Defendant Velarde touch James Doe's penis on another occasion prior to March 19, 2018.

24.     At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.*, commonly known as the Illinois School Code.

25.     At all relevant times herein, Defendant the Board, by and through their agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

26.     At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.*, Commonly known as the Abused or Neglected Child Reporting Act.

27.     At all relevant times herein, Defendant the Board's employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

28.     At all relevant times herein, Defendant the Board's employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

29.     Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

30.     Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

31.     As a result of this mandated reporting proscribed by law, Defendant the Board's employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

32.     At all relevant times herein, Defendant the Board defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

33.     Defendant the Board knew or should have known that its agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but the Board was deliberately indifferent to provide adequate training on mandated reporting.

34.     At all relevant times herein, Defendant the Board required all agents, servants, and/or employees and other school-based personnel to pass a background checks, screening, and reference checks. Defendant the Board, acting with deliberate indifference to safety of the students, deliberately disregarded these screening requirements and allowed persons not fulfilling these screening requirements to have exposure to children.

35.     At all relevant times herein, the Board adopted its Comprehensive Non-Discrimination Title IX and Sexual Harassment Policy, Section 102.8, 16-0525-PO1, which prohibited any type of inappropriate physical contact with students or any other conduct that might be considered discrimination or harassment.

36.     At all relevant times herein, the Board adopted "Guidelines Regarding Maintaining Professional Staff/Student Boundaries" which established guidelines regarding maintaining professional staff and student boundaries in order to protect students from sexual misconduct and abuse and these guidelines applied to all staff members including teachers, coaches, counselors, administrators, volunteers, and other third parties interact with students.

6

37.     According to these guidelines, any personal contact between students and staff members must always be appropriate to the circumstances, nonsexual, and unambiguous in meaning and in line with the educational mission of the district. Any violations of these guidelines were to be reported.

38.     Further, these guidelines prohibited staff being alone with an individual student out of the view of others, unless indicated on a student's individualized education plan ("IEP"), 504 plans, or required service.

39.     On August 16, 2018, the Preliminary Report, "Preventing and Responding to Sexual Misconduct against Student in Chicago Public Schools" was released.

40.     According to this Report, the investigative team found "systematic deficiencies in CPS' efforts to prevent and respond to incidents of sexual misconduct" occurring at all levels of the schools, the networks, the Central Office, and the Board, and that, "[w]hile there were policies and procedures about sexual misconduct on the books, employees were not consistently trained on them, and there were no mechanisms to ensure that they were being uniformly implemented or to evaluate their effectiveness." *Id.*

41.     Despite the foregoing policies regarding sexual discrimination and student-staff boundaries, Defendant the Board acted, as a matter of custom, policy, or widespread practice, in a manner that was deliberately indifferent to the plainly obvious risk of sexual misconduct to its students by its lack of training and enforcement on policies intended to prevent sexual harassment or discrimination. Consequently, this deliberate indifference to the training and enforcement of these policies allowed sexual predators to act without fear of punishment for sexual misconduct and created an unsafe environment for victims of sexual abuse.

7

42.     As a result of the Board's continuing, widespread, persistent pattern of unconstitutional misconduct by its employees; the deliberate indifference to or tacit authorization of such conduct by the Board's policymaking officials after notice of the misconduct; and/or the Board's custom of failing to report incidents of sexual abuse, James Doe was sexually abused.

## COUNT I
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
## THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF
## CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")

43.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 42 as paragraph 43 herein.

44.     Title IX of the Education Amendments of 1972 ("Title IX") states that:

No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681, et seq.

45.     Plaintiff James Doe belongs to a protected group under Title IX.

46.     Defendant the Board provides educational institutions with programs and activities and is a recipient of federal funds for educational programs and activities as defined under Title IX.

47.     As described more fully above, James Doe was subjected to discrimination and harassment by Defendant Velarde.

48.     The discrimination and harassment suffered by James Doe was based on sex as described above.

49.     Defendant the Board permitted James Doe to be discriminated against and harassed based on his membership in a certain class of individuals.

8

50.     Defendant the Board treated James Doe differently than other similarly-situated individuals not belonging to the class of James Doe.

51.     The discrimination and harassment was so severe and pervasive that it altered the conditions of James Doe's education.

52.     Defendant the Board had actual direct notice of Defendant Velarde's misconduct but were deliberately indifferent to his misconduct.

53.     Defendant the Board had knowledge of Defendant Velarde's misconduct with authority to institute corrective measures but failed to do so.

54.     As a direct and proximate result of the conduct of the Board, Plaintiff James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT II**
**SECTION 504 OF THE REHABILITATION ACT**
**THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")**

55.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 54 as paragraph 55 herein.

56.     Section 504 of the Rehabilitation Act provides:

No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…

29 U.S.C. § 794(a).

57.     Defendant the Board provides programs or activities within the meaning of the Rehabilitation Act.

58.     Defendant the Board receives state and federal financial assistance.

59.     James Doe is a qualified individual with a disability as defined by the Rehabilitation Act.

60.     James Doe was discriminated against by Defendant the Board by reason of his disability.

61.     As described more fully above, James Doe was subjected to discrimination and harassment by Defendant Velarde based on his disability as described above.

62.     Defendant the Board, by and through its agents and/or employees, treated James Doe differently than other similarly-situated individuals not belonging to the class of Plaintiff James Doe.

63.     The discrimination and harassment was so severe and pervasive that it altered the conditions of James Doe's education.

64.     Defendant the Board had actual direct notice of Defendant Velarde's misconduct but were deliberately indifferent to his misconduct.

65.     Defendant the Board had knowledge of Defendant Velarde's misconduct with authority to institute corrective measures but failed to do so.

66.     As a result of the Board's actions and inactions described above, James Doe was subject to discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

67.     As a direct and proximate result of the foregoing acts or omissions, James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

     a.     Compensatory damages in an amount to be determined at trial;

     b.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

     c.     Such other relief as the Court may deem just or equitable.

**COUNT III**
**TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
**THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF**
**CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")**

68.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 67 as paragraph 68 herein.

69.     Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

70.     Defendant the Board is a public entity as that term is defined in 42 U.S.C. § 12132.

71.     James Doe is a qualified individual with disabilities as defined by the ADA.

72.     James Doe has been intentionally discriminated against where he excluded from, and denied the benefits of, an activity directed, controlled, and overseen by Defendant the Board, in violation of Title II of the ADA, 42 U.S.C. § 12132.

73.     As described more fully above, James Doe was subjected to discrimination and harassment based on his disability as described above.

74.     Defendant the Board treated James Doe differently than other similarly-situated individuals not belonging to the class of James Doe.

75.     The discrimination and harassment was so severe and pervasive that it altered the conditions of James Doe's education.

76.     Defendant the Board had actual direct notice of Defendant Velarde's misconduct but were deliberately indifferent to his misconduct.

77.     Defendant the Board had knowledge of Defendant Velarde's misconduct with authority to institute corrective measures but failed to do so.

78.     Defendant, by virtue of the conduct described herein, discriminated against James Doe because of his disabilities in violation of Title II of the ADA, 42 U.S.C. § 12132.

79.     As a direct and proximate result of the foregoing acts or omissions, James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT IV**
**42 U.S.C. § 1983 – EQUAL PROTECTION**
**HILARIO VELARDE**

80.     Plaintiffs reallege and incorporate each of the paragraphs of this Complaint contained in paragraphs 1 through 79 as paragraph 80 as if restated herein.

81.     Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff James Doe is entitled to equal treatment under the laws.

12

82.     As described above and pleading in the alternative, Defendant Velarde abused, harassed, and otherwise discriminated against James Doe based on sex and/or disability in violation of his constitutional rights under the Fourteenth Amendment to the U.S. Constitution.

83.     Defendant Velarde victimized James Doe based on his membership in a certain class of individuals.

84.     Defendant Velarde treated James Doe differently than other similarly-situated individuals not belonging to the class of James Doe.

85.     The differential treatment of James Doe was intentional and arbitrary, motivated by nefarious and discriminatory purposes, and was not rationally-related to any governmental interest.

86.     The acts of Defendant Velarde were objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others, including James Doe.

87.     As a direct and proximate result of the foregoing conduct of Defendant Velarde, Plaintiff James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

## COUNT V
## 42 U.S.C. § 1983 – UNREASONABLE SEARCH AND SEIZURE
## HILARIO VELARDE

88.     Plaintiffs reallege and incorporate each of the paragraphs of this Complaint contained in paragraphs 1 through 42 as paragraph 88 as if restated herein.

89.     Under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff James Doe is entitled to freedom from unreasonable searches and seizures.

90.     At all times relevant herein, Defendant Velarde acted under color of law.

91.     Based on Defendant Velarde's conduct discussed more fully above, Defendant Velarde unreasonably searched and seized James Doe in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

92.     The misconduct described in this Count is not rooted in any form of discrimination including sex or disability.

93.     The acts of Defendant Velarde were objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others.

94.     As a direct and proximate result of the foregoing conduct of Defendant Velarde, Plaintiff James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

a.      Compensatory and punitive damages in an amount to be determined at trial;

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable

**COUNT VI**
**42 U.S.C. § 1983 – DUE PROCESS VIOLATION**
**<u>HILARIO VELARDE</u>**

95.     Plaintiffs reallege and incorporate each of the paragraphs of this Complaint contained in paragraphs 1 through 42 as paragraph 95 as if restated herein.

96.     Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff James Doe possesses a right to bodily integrity.

97. Based on Defendant Velarde's conduct of improperly touching James Doe's penis as more fully stated above, Defendant Velarde denied James Doe due process under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

98. Defendant Velarde's conduct of improperly touching James Doe's penis unlawfully denied James Doe due process of law in a manner that shocks the conscience.

99. At all times relevant herein, Defendant Velarde acted under color of law.

100. The misconduct described in this Count is not rooted in any form of discrimination including sex or disability.

101. As a direct and proximate result of the foregoing conduct of Defendant Velarde, Plaintiff James Doe suffered harm.

WHEREFORE, Plaintiffs respectfully request:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable

## COUNT VII
## NEGLIGENCE
## THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")

102. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 101 as paragraph 102 herein.

103. Defendant the Board, by and through its agents and/or employees, knew or should have known that Defendant Velarde's conduct of touching Plaintiff James Doe's penis on at least two occasions was improper.

104.    Defendant the Board, by and through its agents and/or employees, owed a duty to James Doe to report Defendant Velarde's conduct to law enforcement or DCFS.

105.    Defendant the Board, by and through its agents and/or employees, was negligent in the following ways:

a.    Failed to report improper touching to appropriate law enforcement or DCFS as required by state law;

b.    Failed to prevent the improper touching of Plaintiff James Doe by Defendant Velarde;

c.    Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse;

d.    Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to be aware of the care and treatment needed for each student, including Plaintiff James Doe; and

e.    Failed to adequately conduct reference checks, background checks, or employment screening of agents, servants, and/or employees.

106.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Defendant the Board breached its duty and caused harm to Plaintiff James Doe.

WHEREFORE, Plaintiffs respectfully request:

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

**COUNT VIII**
**WILLFUL AND WANTON CONDUCT**
**THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF**
**CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")**

107.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 106 as paragraph 107 herein.

108.     Defendant the Board, by and through its agents and/or employees, with notice of a substantial danger of harm, knew that Defendant Velarde's conduct of touching Plaintiff James Doe's penis on at least two occasions was improper.

109.     Defendant the Board, by and through its agents and/or employees, had a duty to notify law enforcement or DCFS of Defendant Velarde's conduct against Plaintiff James Doe.

110.     Defendant the Board, by and through its agents and/or employees, breached said duty where it failed to report Defendant Velarde's conduct to law enforcement or DCFS despite notice of a substantial danger of harm to James Doe.

111.     Defendant the Board, by and through its agents and/or employees, was willful and wanton in the following ways:

a.     Failed to report improper touching to appropriate law enforcement or DCFS as required by state law with utter indifference to or in conscious disregard for the safety of others;

b.     Failed to prevent the improper touching of Plaintiff James Doe by Defendant Velarde with utter indifference to or in conscious disregard for the safety of others;

c.     Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse with utter indifference to or in conscious disregard for the safety of others;

d.     Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to be aware of the care and treatment needed for each student, including Plaintiff James Doe, with utter indifference to or in conscious disregard for the safety of others; and

e.     Failed to adequately conduct reference checks, background checks, or employment screening of agents, servants, and/or employees with utter indifference to or in conscious disregard for the safety of others.

17

112.    Defendant the Board's conduct was with reckless indifference or conscious disregard to the safety of James Doe with utter indifference to or in conscious disregard for the safety of others.

113.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions, Defendant the Board caused harm to Plaintiff James Doe.

WHEREFORE, Plaintiffs respectfully request:

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

**COUNT IX**
**BATTERY**
**THE BOARD OF EDUCATION OF THE CITY OF CHICAGO d/b/a CITY OF**
**CHICAGO SCHOOL DISTRICT 299 d/b/a CHICAGO PUBLIC SCHOOLS ("BOARD")**
**AND HILARIO VELARDE**

114.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 113 as paragraph 114 herein.

115.    Defendant the Board, by and through its agent and/or employee Defendant Velarde, unlawfully touched the penis of James Doe on at least two occasions without consent of James Doe.

116.    Defendants' touching was of an insulting or provoking nature.

117.    As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff James Doe sustained injuries.

WHEREFORE, Plaintiffs respectfully request:

a.    Compensatory damages in an amount to be determined at trial;

18

b.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully submitted,

/s/ James C. Pullos
James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312)899-9090
jcp@cliffordlaw.com
*Attorneys for Plaintiffs*

19